UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No.  05-159-JM |
| | ) | |
| Land and Buildings Located at 77 Mountain Drive, | ) | |
| Gilford, NH, with all Appurtenances and | ) | |
| Improvements Thereon, Owned by Karen L. Scott | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATION AND AGREEMENT FOR ENTRY OF JUDGMENT PURSUANT TO LOC.R. 41.1

On May 12, 2005, the United States commenced an action by Verified Complaint for

Forfeiture in Rem, seeking the forfeiture of the defendant in rem real property pursuant to 21

U.S.C. § 881(a)(7).  The Verified Complaint alleged that the defendant in rem real property was

used or intended to be used, to commit, and to facilitate the commission of, the unlawful storage

and distribution of controlled substances in violation of Title II of the Controlled Substances Act,

21 U.S.C. 801 et seq., and was subject to forfeiture under 21 U.S.C. § 881(a)(7).

Karen L. Scott, the owner of the defendant in rem, was served on September 2, 2005.

Ms. Scott's deadline for filing a verified claim was October 2, 2005.  On September 28, 2005,

Ms. Scott indicated, through counsel, that she would not file a claim.

Wells Fargo Home Mortgage, Inc. was served on October 22, 2005, and filed a Verified

Claim on January 3, 2006.

Due notice was given to all potential claimants and all interested persons either by direct

notice or by publication of a Legal Notice in the Manchester Union Leader on October 26,

November 2 and November 9, 2005. The deadline for filing claims after publication of legal notice was December 9, 2005.

Other than Wells Fargo Bank, N.A., no person or entity has filed a claim with respect to the defendant in rem property. All other persons and parties are, therefore, in default.

The United States represents that it established in the Verified Complaint probable cause to believe that the defendant in rem real property was used or intended to be used, to commit, and to facilitate the commission of, the unlawful storage and distribution of controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. 801 et seq.

IT IS STIPULATED AND AGREED, by and between the plaintiff United States of America, and claimant Wells Fargo Bank, N.A., through its attorney, Veronica C. Viveiros, Esq., as follows:

1. That the defendant in rem real property be released to the lien holder, Wells Fargo Bank, N.A., for disposition pursuant to the terms of the Mortgage executed by Karen L. Scott to Wells Fargo Home Mortgage, Inc., on March 14, 2003, and that, at the request of the United States, Wells Fargo Bank, N.A., shall render a full accounting regarding the foreclosure sale. Wells Fargo Bank, N.A., further agrees to waive any right to collect attorney's fees from the Federal Government due to this forfeiture action;

2. That any remaining net proceeds after a foreclosure sale is conducted, and after any liens of record are satisfied, will substituted as the res for the defendant in rem, Land and Buildings Located at 77 Mountain Drive, Gilford, NH, with all Appurtenances and Improvements Thereon. Owned by Karen L. Scott, and shall be returned to the United States of America by check payable to the "United States Marshal for the District of New Hampshire";

2

3.  That the United States Marshal shall deposit any of such remaining proceeds into the Department of Justice Assets Forfeiture Fund in accordance with Title 28, United States Code, Section 524(c) and Title 21, United States Code, Section 881(e).

IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.  That the defendant in rem real property be released to the lien holder, Wells Fargo Bank, N.A., to conduct and/or conclude a foreclosure sale pursuant to the terms of the Mortgage executed by Karen L. Scott to Wells Fargo Home Mortgage, Inc., on March 14, 2003, and that, at the request of the United States, Wells Fargo Bank, N.A., shall render a full accounting regarding the foreclosure sale.

2.  That any remaining proceeds after the foreclosure sale is conducted is hereby substituted as the res for the defendant in rem. Land and Buildings Located at 77 Mountain Drive, Gilford, NH, with all Appurtenances and Improvements Thereon, Owned by Karen L. Scott, and all right, title and interest in the substitute res shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), free from the claims of any other party, and paid to the United States Marshal for the District of New Hampshire, and that those funds, if any, (after deduction for any charges and expenses incurred by the U.S. Marshal in connection with the posting and forfeiture of this action) be deposited into the Department of Justice Assets Forfeiture Fund in accordance with Title 28, United States Code, Section 524(c) and Title 21, United States Code, Section 881(e).

3

THOMAS P. COLANTUONO
United States Attorney

Dated: March 10, 2006

By: /s/ Robert J. Rabuck
Robert J. Rabuck
Assistant U.S. Attorney
Bar No. 2087
Office of the U.S. Attorney
53 Pleasant St.
Concord, NH 03301
(603) 225-1552

Dated: March 23, 2006

By: /s/ Dixie R. Teagle
Authorized Representitive
Wells Fargo Bank, N.A.

**SO ORDERED:**

/s/James R. Muirhead

Magistrate Judge James R. Muirhead
**United States District Court**

**Dated:** May 16, 2006

4